## METROPOLITAN COMMUNITY CHURCH OF MIAMI, Inc. v. SOUTHERN BELL TEL. & TEL. CO.

No. 77-25956

Circuit Court, Dade County.

April 24, 1978.

Stephen L. Raskin, Miami, for the plaintiff.

J. Alberto Gonzalez-Pita of Walton, Lantaff, Schroeder & Carson, Miami, for the defendant.

GENE WILLIAMS, Circuit Judge.

This cause having come on to be heard before me, the undersigned judge, upon Southern Bell Telephone & Telegraph Company's motion to dismiss the complaint of the plaintiff, the court having heard argument of counsel, taken the matter under advisement, and being otherwise fully advised in the premises, it is considered, ordered and adjudged that —

1. The defendant's motion to dismiss the complaint of the plaintiff with prejudice is granted on the grounds as more fully set forth hereafter.

2. As regards the count in plaintiff's complaint for "white page" directory listings, said count fails to establish a cause of action insofar as there are no allegations that the plaintiff has exhausted its administrative remedies prior to bringing this cause of action, and, having failed to do so, the complaint does not therefore state a cause of action.

3. As regards the count in plaintiff's complaint for a "yellow page" directory listing, said count does not state a cause of action as the decision to accept or reject advertisement in the "yellow page" directory is a private activity of Southern Bell Telephone & Telegraph Company and is therefore subject to the editorial and business judgment of the seller of the advertisement space, in this case, Southern Bell Telephone & Telegraph Company. See *Montemarano v. Southern Bell Telephone & Telegraph Company*, 87 P.U.R. NS. 87, the cases cited therein, and also, *Horn v. Southern Bell Telephone & Telegraph Company*, 43 P.U.R. 3d 239.

4. The particular form of relief sought by the plaintiff, as based on F.S. §364.10 for declaratory judgment and injunctive action by the court, is a wholly inappropriate type of relief for an action brought under said statute and, accordingly, the plaintiff's complaint does not set forth appropriate grounds upon which to seek a judicial determination of its rights.

5. In view of the foregoing grounds, the complaint of the plaintiff is dismissed with prejudice, said plaintiff to take nothing by its plaint and suit and go hence without day.